Dear Mr. Roche:
You have asked this office to advise whether the provisions of Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., prohibit one from holding state appointive office as a member of the Board of Trustees of the Louisiana School Employees' Retirement System (LSERS) while holding the elective office of school board member.
The position of member of the Board of Trustees of the Louisiana School Employees' Retirement System, created under the auspices of R.S.11:1162[1], is a state part-time appointment office, as defined by R.S. 42:62(2) and 42:62(4) (5), providing:
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
*******
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The law prohibits the simultaneous holding of local elective office concurrently with state full-time appointive office. R.S. 42:63(D) provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof (Emphasis added).
The prohibition does not extend to the concurrent holding of local elective office and part-time appointive office in the government of the state.
While the prohibition of R.S. 42:63(D) is inapplicable, we are concerned about the applicability of R.S. 42:64 regarding "incompatible offices," specifically as stated below:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination of any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
*******
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
For instance, we find that the provisions of R.S. 42:64(4) are invoked because of the applicability of R.S. 11:172 to the matter at hand. R.S. 11:172 provides:
§ 172. Submission of annual report; penalty
 Each reporting agency or parish or city school board shall submit to their respective state, municipal, or parochial retirement system an annual sworn statement of all enrolled employees, the amount of their earnings, and all employee and employer deductions within thirty days after the close of the fiscal or accounting year. Should the reporting agency or parish or city school board fail to submit the reports within thirty days after the close of the fiscal or accounting year, the report shall be delinquent. If any errors are found in the annual report by the retirement system, such errors shall be corrected within fifteen days after notification, or the report shall be delinquent. The board of trustees of the retirement system may certify to the state treasurer or the Department of Education, whichever is applicable, that the report is delinquent. The state treasurer or the Department of Education may withhold all monies from state funds due such reporting agency or parish or city school board. Upon submission of the report, the board of trustees of the retirement system shall notify the state treasurer or the Department of Education that the report has been submitted, whereupon the state treasurer or the Department of Education shall disburse the monies due the reporting agency or parish or city school board.
R.S. 11:172 makes the school board subordinate to the authority of the retirement system regarding annual reports pertinent to school board employees. The school board is thus "required by law to execute order and follow directions" given by the retirement system as contemplated by R.S. 42:64(4). Accordingly, it is the opinion of this office that the simultaneous holding of the office of school board member and LSERS board member would invoke the incompatibility provisions and is therefore prohibited by law.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: September 12, 2002
[1] R.S. 11:1162(A)(6) provides in part that "four members of the system shall be elected by the members of the retirement system for a term of four years each, according to such rules and regulations as the board of trustees shall adopt to govern such elections." We note that this office is considered an appointed office and does not me the definition o "elected office" under R.S. 42:62(1); see also Attorney General Opinion 94-418.